THE STATE OF CONNECTICUT AND THE STATE PARK AND FOREST COMMISSION *vs.* THE GIANT'S NECK LAND AND IMPROVEMENT COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 7th, 1932—decided January 10th, 1933.

*Ernest L. Averill,* Deputy Attorney-General, and *Bernard A. Kosicki,* Assistant Attorney-General, with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the appellant (applicant).

*Arthur M. Brown,* with whom, on the brief, was *Charles V. James,* for the appellee (respondent).

HINMAN, J.   Section 2166 of the General Statutes provides that the state park and forest commission "shall have power . . . to acquire, maintain and make available to the public, open spaces for recreation. Said commission may take, in the name of the state and for the benefit of the public, by purchase, gift or devise, lands and rights in land for public open spaces."   By § 2167 the commission is authorized "to take by condemnation land for the public purposes for which it is authorized to acquire land under the provisions of section 2166, and, if it cannot agree with the owner or owners of any land which it shall decide the interests of the state require for such purposes, as to the compensation to be paid therefor, the amount of damages for such taking shall be determined by three appraisers to be appointed by the Superior Court for the county in which such land is situated, or any judge thereof, on application of said commission after reasonable notice of such application shall have been given to such owner or owners."   The present proceeding pertains to the exercise of powers and duties of

the commission under these sections and the application is that provided for by the portion of § 2167 last quoted. The prayer for relief is "for the appointment of a state referee" (instead of the three appraisers specified by this statute) "to assess the compensation to be paid [for the land taken], or the amount of . . . damages for said taking, if any." The respondent demurred thereto on the ground that as § 2167 provides for three appraisers, it is entitled to have the assessment so made instead of by a state referee.

Section 5069 of the General Statutes is relied on for justification of the prayer as made. This statute reads: "The determination of the amount of damages in any case brought by the state to condemn land or any interest therein shall be referred to a state referee." It originated as Chapter 185 of the Public Acts of 1929, which was identical in wording with the present section. Section 2167 was adopted as Chapter 265 of the Public Acts of 1915, and appears as §§ 2178, 2179, and 2180 of the Revision of 1918; in the Revision of 1930 the three sections were consolidated into one.

The single question presented by the demurrer and by this appeal is whether the provision in § 2167 for three appraisers is to be disregarded as repugnant to the provisions of § 5069, which was passed at a later date. In the solution of this problem regard must be had for the established applicable general principles, including that two statutes are to be regarded as irreconcilably repugnant only when both cannot reasonably be given effect. *Leete* v. *Griswold Post,* 114 Conn. 400, 405, 158 Atl. 919.

Section 5069 by its terms is made applicable to "any case brought by the state" to condemn land or any interest therein. Section 2167 prescribes that determination of damages as provided in that section shall

be on application of the state park and forest commission. The general power of the commission under §§ 2166 and 2167, to which the present procedure is auxiliary, is to take land and rights therein "in the name of the state and for the benefit of the public." The compensation awarded is paid by the state "upon order of the comptroller . . . out of any appropriated funds available therefor" or held on deposit by the treasurer of the state to the order of the person or persons entitled thereto. General Statutes, § 2167. Therefore, the commission brings the application as the designated representative of the State and not as individuals or in an independent capacity, and the award becomes, upon its rendition, an obligation of the State. The State is the real party in interest. *Baxter* v. *Camp,* 71 Conn. 245, 248, 41 Atl. 803. The joinder of the State with the commission as a named applicant in the present instance was not inappropriate, although not deemed to be of controlling significance. Reason indicates that the proceeding may fairly be regarded as a "case brought by the state."

By way of authority deducible from decided cases, those involving the question of whether a suit is one against a State within the Eleventh Amendment of the Federal Constitution appear to afford the closest and most helpful analogy. There is no discernible distinction between the tests applicable thereto and those determinative of whether an action is one brought by the State. Either question is to be decided, not by the nominal party on the record, but by the effect of the judgment or decree which can be entered. *Minnesota* v. *Hitchcock,* 185 U. S. 373, 386, 22 Sup. Ct. 650, 46 L. Ed. 954; *Harkrader* v. *Wadley,* 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; *Arbuckle* v. *Blackburn,* 113 Fed. 616, 51 C. C. A. 122. "The State is the real party when the relief sought is that

which inures to it alone, or when the action will have the effect of depriving the State of funds or property in its possession." *Western Union Telegraph Co.* v. *Andrews,* 154 Fed. 95, 106. Both of these tests are met in the instant case—the land taken by condemnation inures to the State and the damages awarded must be paid by it.

We conclude, therefore, that the present proceeding is within the meaning and scope of § 5069, and we do not understand the respondent to contend that this section would not be applicable and controlling but for the inconsistent provision in § 2167, which was not expressly repealed by the Act of 1929, and has been retained in the Revision of 1930. As between the two provisions, of themselves, we find no difficulty in holding that the provision for assessment by three appraisers, then contained in § 2178 of the General Statutes, 1918, would be superseded and impliedly repealed by the later Act of 1929, now § 5069. Formerly, awards or assessments or reassessments of damages or compensation for land taken by condemnation by or for the State were uniformly required by various statutes (including § 5186 [1918] and § 2178 [1918], *supra,* and § 1502 [1918] for reassessment of damages for state highways) to be made by three persons as a committee or appraisers. In 1925, by § 37 of Chapter 263 of the Public Acts, a state referee was substituted for the "committee of three disinterested electors" provided by § 1502 (1918) for reassessment of highway damages. Chapter 185 of the Public Acts of 1929, plainly evinced an intent to extend this policy to all condemnation proceedings for assessment of damages against the State. Reasons underlying this change may readily be conceived and need not be elaborated here. The mischief contemplated, the remedial object, and the policy indicated, are impor-

tant considerations in statutory construction. *State ex rel. Stamford* v. *Board of Purchase and Supplies,* 111 Conn. 147, 161, 149 Atl. 410; *DiBiase* v. *Garnsey,* 103 Conn. 21, 27, 130 Atl. 81; *Newton's Appeal,* 84 Conn. 234, 241, 79 Atl. 742. All these point to such an intent rather than that condemnation proceedings by the state park and forest commission should stand as an exception to the otherwise all-inclusive rule.

In our opinion, also, the fact that both provisions were retained in the general Revision of 1930 should not be held sufficient to outweigh the considerations which we have noted. Chapter 185 of the Public Acts of 1929, was enacted as an independent general provision. In the Revision it was placed immediately following § 5068 concerning condemnation of "any land which the trustees or directors of any state institution may deem necessary for any addition to the site of such institution"—which was § 5181 of the General Statutes, 1918. The Chapter devoted to the state park commission (113) in the 1918 Revision consisted of §§ 2174 to 2185, far removed in location and subject-matter from § 5181; the provision which contravenes the Act of 1929 consists of a few words in § 2178. It is probable, and excusable in a task of such magnitude, that the repugnancy was overlooked in compiling the Revision. It is certainly so improbable as to be dismissed from consideration that the General Assembly in adopting the general confirmation and enactment of the revised statutes (Chap. 6 of the Public Acts of 1929, Special Session; § 622a, Cum. Sup. 1931) did so in contemplation specifically of these two conflicting provisions. "If repugnant provisions of prior statutes are compiled and adopted in the General Statutes it must be presumed that the repugnancy was overlooked and that it was the intention of the compilers and of the legislature to bring forward the

latest expression of the legislative will where irreconcilable inconsistency or repugnance appears in different sections of the General Statutes, without reference to whether the latest statute appears first or last in the General Statutes. . . . Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the lawmaking power in enacting separate statutes upon the same subject." *County Commissioners* v. *Jackson,* 58 Fla. 210, 213, 50 So. 423; *State ex rel. Attorney General* v. *Mulhern,* 74 Ohio St. 363, 78 N. E. 507.

Another circumstance tends to confirm both the intent of the Act of 1929 and theory of inadvertence in the Revision. Section 5168 (1918) was included without material change as § 5072 of the Revision of 1930. This provided procedure when those desiring to condemn land cannot agree with the owner upon the amount to be paid, and included provision whereby not only county commissioners in the name of the county, a town or a school district, but also "trustees or directors of any state institution in the name of the state" might prefer a petition to the Superior Court, or a judge thereof, upon which a committee of three disinterested persons would be appointed to assess the damages. The General Assembly of 1931 amended § 5068, which, as we have noted, was the statute giving trustees or directors of state institutions power to condemn land, and in doing so specifically provided that the amount of damages for any taking of land under that section shall be determined in the manner provided by § 5069—that is, by a state referee. Section 574a, Cum. Sup. 1931.

The demurrer was sustained upon a ruling that the statutory situation is such that assessment under the

application must be by a committee of three appraisers instead of a state referee.

There is error and the cause is remanded to the Superior Court with direction to overrule the demurrer.

In this opinion the other judges concurred.