JOHN HANCOCK MUTUAL LIFE INSURANCE CO. v.
W. ELLERY ALLEN, INSURANCE COMMISSIONER, ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 82371

Memorandum filed January 4, 1949.

*Gross, Hyde & Williams,* of Hartford, for the Plaintiff.

*William L. Hadden,* Attorney General, and *Frank W. Flood,* Assistant Attorney General, of Hartford, for the Defendants.

MURPHY, J. For each of the calendar years since 1944, the plaintiff has paid to the insurance commissioner the taxes on insurance premiums imposed by § 289h of the 1945 Supplement. Included in the sums paid are certain payments which the plaintiff claims were paid "under protest" and represent taxes assessed against premiums which the company claims it returned to the holders of weekly-premiums or industrial policies. It has sued the insurance commissioner and the state treasurer to recover the amounts paid "under protest" and also seeks injunctive relief from future assessments of like nature.

The defendants have demurred to the complaint because (1) it is actually a suit against the state; (2) the state has not been made a party; (3) the state has not consented to the action; (4) there is no legal authorization for the suit; (5) no provision has been made for "protest" payments and recovery thereof. Demurrer is also interposed to the prayer for injunction.

Chapter 66a of the General Statutes, of which § 289h is now a part, was originally enacted in 1935 and provided for taxes upon premiums, interest and dividends of domestic insurance companies. In 1939 nonresident and foreign insurance companies were brought within its orbit by the enactment of § 350e, which was repealed in 1945 by § 294h. Section 413c of the 1935 Supplement provided for appeal by aggrieved taxpayers, and the relief provided by this section was extended in 1939 by § 349e to the domestic insurance companies taxed under §§ 347e and 348e. It is singular to note that the legislature did not apply the provisions of § 413c to nonresident and foreign insurance companies taxed under either § 350e or § 289h.

However, § 413c provides as follows: "Any taxpayer aggrieved because of any tax laid under the provisions of this chapter may, within one month from the time provided for the payment of such tax, appeal therefrom to the superior court . . . ." As has been indicated, § 289h was enacted as one of the sections of chapter 66a. When the plaintiff became liable for the tax imposed by § 289h, it had available to it as its only source of relief the provisions of § 413c. The court will not impute to the legislature the inconsistent position of providing for appeals by domestic but denying them to nonresident insurance companies, both taxed under the several sections of the same chapter, notwithstanding the implications of § 349e as applied to § 413c.

The defendants' demurrer does not set forth that the plaintiff is restricted to the remedy provided by § 413c in any attempt it makes to obtain relief from the tax imposed. That it is not specifically raised is immaterial if the point is manifest on the face of the record. *Hoxie* v. *New York, N. H. & H. R. Co.*, 82 Conn. 352, 367.

Taxes paid under protest can only be recovered where the statute so provides. *Spencer* v. *Consumers Oil Co.*, 115 Conn. 554, 562. This statute makes no provision.

It is axiomatic that a state can only be sued with its permission. In the instant case, suit is against two state officers in their official capacities. If the plaintiff recovered judgment for the moneys which it has paid, the state would be deprived of funds within its possession. In reality, this is a suit against the state and cannot be maintained in the absence of legislative authority. *State* v. *Grant's Neck Land & Improvement Co.*, 116 Conn. 119, 123; *Reilly* v. *State,* 119 Conn. 217, 219.

Injunctions will be granted to restrain the collection of a tax in extreme cases only. *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 391. The complaint in this case does not indicate such an extremity.

The demurrers to the complaint and the second prayer for relief are sustained.