WILLIAM J. DALEY ET AL. v. LIQUOR CONTROL
COMMISSION ET AL.

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and BOGDANSKI, Js.

Argued January 3—decision released February 26, 1974

*Herbert L. Emanuelson, Jr.,* with whom was *David T. Totman,* for the appellants-appellees (plaintiffs).

*Kathryn Emmett,* for the appellees-appellants (defendant remonstrants Avery et al.).

*Richard M. Sheridan,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee-appellant (named defendant).

House, C. J. The plaintiff The Mory's Association, Inc., hereinafter referred to as Mory's, brought this appeal from the revocation of its club liquor permit by the defendant liquor control commission of the state of Connecticut. The remaining defendants, who are residents of New Haven, Connecticut, were remonstrants in the proceedings before the

liquor control commission and were added as defendants by Mory's by an amendment to its writ and complaint.

The trial court made no finding and, consequently, we resort to the memorandum of decision in order to learn the basis for the court's decision on the merits of the appeal. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 506, 242 A.2d 705; *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 701, 220 A.2d 449. Mory's, which is located in New Haven, Connecticut, near the Yale University campus, was incorporated in 1912 without capital stock by thirty-five men for the stated purpose of the promotion of social intercourse and the culture of its members. On June 9, 1939, Mory's adopted bylaws which provided, inter alia, that the president, vice president and a board of governors, consisting of twelve members, were to be elected at the annual meeting of the members to be held in February of each year. The bylaws did not specifically designate who were eligible to become members of Mory's. Owing in part to the increased cost of mailing notices to a membership in excess of 18,000, Mory's sought a legislative change in its articles of association, and the 1969 session of the General Assembly enacted Special Act No. 72 by which the articles of association were amended to provide that the members would not be entitled to vote on any matter, and that Mory's would operate under the management of a board of governors which would be self-perpetuating. Special Act No. 72 further provided that it would become valid as an amendment to Mory's articles of association if, within six months after its passage, it was accepted by a two-thirds vote of the members of Mory's board of governors. In September,

1969, the board of governors of Mory's, by a two-thirds vote, accepted the provisions of Special Act No. 72 and adopted certain bylaws, one of which limited eligibility for membership exclusively to males.[1]

On January 27, 1972, the liquor control commission, after a public hearing, revoked the club liquor permit for Mory's, stating as the reasons for its action (1) that Mory's was not and did not in fact operate as a club within the purview of the Liquor Control Act, General Statutes § 30-1 (7), and (2) that it operated a club liquor business in a discriminatory manner, in that women are denied the use of the permit premises. Mory's appealed to the Court of Common Pleas which held that the commission erred in its finding of discrimination but otherwise sustained the commission's findings.

On the appeal to this court, Mory's has assigned as error the court's conclusion that it did not operate as a club within the meaning of § 30-1 (7) of the General Statutes. The defendants in their cross appeal have assigned as error that the court erred in failing to find that Mory's operated its club liquor business in a discriminatory manner. We find that a decision on the merits of the plaintiffs' assignment of error is determinative of the appeal.

[1] It is stated in the memorandum of decision that the bylaws of The Mory's Association, Inc., define classes of its members as follows: "1. Undergraduate members, namely, male, undergraduate members of the Sophomore, Junior or Senior Class of Yale College; 2. Graduate members, namely, male persons who would have been eligible for membership during their undergraduate years at Yale College; and 3. Other members, namely, any male person holding the rank of professor, associate professor, assistant professor, instructor or lecturer at Yale University and any male person who is acting as an officer of Yale University or who holds his position by virtue of an appointment by the Corporation of Yale University."

The portion of the Liquor Control Act, General Statutes § 30-1 (7), relevant to this appeal provides as follows: " 'Club' means an association of persons, whether incorporated or unincorporated, which has been in existence as a bona fide organization for at least three years prior to applying for a permit issued as provided by this chapter . . . and provided, further, its affairs and management shall be conducted by a board of directors, executive committee or similar body chosen by the members at their annual meeting." It is undisputed that upon passage of Special Act No. 72 and its approval by Mory's board of governors on September 24, 1969, the right of the members of Mory's to choose the board of governors was terminated and, accordingly, since that time Mory's "affairs and management" have not been "conducted by a board of directors, executive committee, or similar body chosen by the members at their annual meeting." Mory's claims that there is an inconsistency between § 30-1 (7) of the General Statutes and the 1969 Special Act and that, therefore, the former must be considered impliedly repealed insofar as its application to Mory's is concerned.

"Repeals by implication are not favored and will never be presumed where the old and new statute may well stand together. *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, 447, 53 A. 960; *Bissell* v. *Dickerson,* 64 Conn. 61, 29 A. 226; *Windham County Savings Bank* v. *Himes,* 55 Conn. 433, 12 A. 517. . . . Furthermore, . . . '[i]f courts can by any fair interpretation find a reasonable field of operation for both statutes without destroying or perverting their evident meaning and intent, it is the duty of the courts to do so, thus reconciling them and

according to them concurrent effect. *Leete* v. *Griswold Post,* 114 Conn. 400, 405, 158 A. 919; *Costa* v. *Reed,* 113 Conn. 377, 385, 155 A. 417, and cases cited; 1 Sutherland, Statutory Construction (3d Ed.) § 2014.' *Shanley* v. *Jankura,* 144 Conn. 694, 702, 137 A.2d 536." *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 404–5, 294 A.2d 546; *Arsenal School District* v. *Hartford,* 120 Conn. 348, 363, 180 A. 511; 50 Am. Jur. 541, Statutes, § 535.

We find no error in the conclusion of the trial court that there is no inconsistency or repugnancy between § 30-1 (7) of the General Statutes and 1969 Special Act No. 72. While Mory's may well fall within the common understanding of what a club is, nevertheless it clearly does not now come within the statutory definition of "club" as that term is defined in the Liquor Control Act and the court properly dismissed the appeal.

Since we find no error in the court's judgment as to the plaintiffs' appeal, it is unnecessary to consider the cross appeal taken by the defendants.

There is no error.

In this opinion the other judges concurred.