STATE EX REL. JOHN B. KENNEDY *v.* MAX FRAUWIRTH

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 11—decision released August 20, 1974

*James M. Kearns,* assistant city attorney, for the appellant (defendant).

*James F. Kenney,* with whom, on the brief, was *Thomas A. Mulligan, Jr.,* for the appellee (plaintiff).

LOISELLE, J.   In 1935, the charter of the city of Bridgeport was amended by a special act of the legislature[1] which established a civil service commis-

---

[1] 22 Spec. Acts, No. 407. AN ACT AMENDING THE CHARTER OF THE CITY OF BRIDGEPORT BY ESTABLISHING A CIVIL SERVICE COMMISSION.

sion, the members of which were to be appointed by the mayor. Section 1[2] of the act provided that "[n]ot more than two of the members shall be adherents of the same political party and no member shall hold salaried public office." In 1953, the charter of Bridgeport was further amended by another special act[3] which added to § 1 of the 1935 special act the requirement that the mayor appoint as one of the members of the civil service commission the city employee who has been elected by all the employees of the city in the manner provided in the act. It further provided that the elected employee shall be permitted to hold paid public office or position.

---

[2] Section 1 provides in part: "The mayor shall appoint, on or before October 10, 1935, five persons as civil service commissioners to serve, one for five years, one for four years, one for three years, one for two years and one for one year. Each year thereafter the mayor shall appoint one person as the successor of the member whose term shall expire, to serve for five years. Any vacancy shall be filled by the mayor for the unexpired portion of the term. Not more than two of the members shall be adherents of the same political party and no member shall hold salaried public office."

[3] 26 Spec. Acts, No. 591. The pertinent part of this act is as follows: "AN ACT AMENDING THE CHARTER OF THE CITY OF BRIDGEPORT. Section 1 of number 407 of the special acts of 1935 is amended by adding thereto the following: (a) Commencing with the appointment to the civil service commission to be made next after the passage of this act, the mayor shall appoint an employee of the city of Bridgeport as a member of the civil service commission; and the successors of this particular member shall be employees of the city of Bridgeport. In making this appointment, and the successor appointments to it, the mayor shall accept for appointment the person who shall have been elected by the employees of the city of Bridgeport. The member of the civil service commission who is also an employee of the city of Bridgeport shall be permitted to hold paid public office or position. . . . (e) No provision of the general statutes or special acts inconsistent with any provision of this act shall apply to the city of Bridgeport."

Parts (b), (c) and (d) govern the procedure for nominating and electing the employee who is to serve on the commission and for filling any vacancy in the unexpired term of an employee.

On October 3, 1971, the then mayor of Bridgeport appointed the relator, John B. Kennedy, a registered member of the Democratic party, as a civil service commissioner for the term of five years from October 10, 1971. At that time there were two registered democrats already serving as commissioners. On October 26, 1972, upon advice of the city attorney, the mayor who subsequently had come to office appointed the defendant, Max Frauwirth, a registered member of the Republican party, to fill out the term of office for which the relator had been appointed. At the time of the defendant's appointment there were two registered republicans serving as commissioners, one of whom was the member elected by the employees of Bridgeport. Each appointee brought a quo warranto action. The cases were tried together and judgment entered ordering that each of the defendants be ousted and excluded from office. The relator did not appeal from his ouster, but the defendant in this case appealed.[4]

Section 1 of the special act of 1935; 22 Spec. Acts, No. 407; prohibits appointment of more than two members who "shall be adherents of the same political party." The defendant claims that as the appointment of the elected employee is mandatory regardless of his political affiliation, the employee's political adherence need not be counted at the time of the mayor's discretionary appointments. No-

---

[4] On appeal, the court properly refused to prepare a finding of fact as the case was submitted on a stipulation of fact. *Larke* v. *Morrissey*, 155 Conn. 163, 166, 230 A.2d 562, and cases cited. The court made a limited finding reciting its conclusions and the claims of law of the defendant. The facts recited in the text of this opinion have been drawn from the stipulation of the parties which has been printed in the record.

where in the special act of 1935, or in the special act of 1953; 26 Spec. Acts, No. 591; is there any language to support this claim.

" 'We must construe the act as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions.' *Murphy* v. *Way*, 107 Conn. 633, 639, 141 Atl. 858. Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them." *State* v. *Nelson*, 126 Conn. 412, 416, 11 A.2d 856. "[S]tatutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment." *Charlton Press, Inc.* v. *Sullivan*, 153 Conn. 103, 109, 214 A.2d 354. In applying these two special acts, if this court " 'can by any fair interpretation find a reasonable field of operation for both . . . [acts] without destroying or perverting their evident meaning and intent, it is the duty of . . . [this court] to do so, thus reconciling them and according to them concurrent effect. [Citations omitted.]' *Shanley* v. *Jankura,* 144 Conn. 694, 702, 137 A.2d 536." *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 404–5, 294 A.2d 546; *Daley* v. *Liquor Control Commission,* 166 Conn. 97, 101, 347 A.2d 69.

The intent that the commission be politically balanced was clearly expressed in the 1935 special act and was modified by the 1953 special act in only one respect. In making a mandatory appointment of an elected employee, the mayor necessarily must disregard that person's political adherence. In discretionary appointments, the requirement that the

mayor must not appoint a person of a political party that already has two adherents on the commission is unaffected. The trial court concluded that the two special acts were not inconsistent. The following excerpt from the memorandum of decision is particularly relevant: "The rational for this conclusion can be found in the clear intent of the 1953 Act itself which was to create a mandatory appointment about which the mayor could exercise no choice for any reason whatever, which would include political affiliation. To the extent that the 1935 Act might be construed to rule otherwise, it is modified by subparenthesis (e) of the 1953 Act which states that any provision of any special act inconsistent with the new Act shall not remain in effect. The creation of the mandatory appointment for a city employee makes it necessary to disregard his political affiliation in order to prevent the situation from arising where a city employee might be elected under the 1953 Act but be unable to qualify because he would make a third member of the same political party on the Commission. . . . This is the only construction to which these statutes lend themselves on this issue, and is supported by the clear intent and overriding purpose of the later Act to create a seat for a city employee in no way to be hampered by the 1935 Act."

The appointment of the defendant was a discretionary one, and at the time there already were two adherents to the Republican party on the commission. As the defendant was a registered republican, his appointment violated the special acts when read together.

There is no error.

In this opinion the other judges concurred.