STANLEY J. PAC, COMMISSIONER OF ENVIRONMENTAL PROTECTION *v.* INLAND WETLANDS AND WATER COURSES COMMISSION FOR THE TOWN OF TRUMBULL ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 219707
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed September 26, 1978

*Carl R. Ajello,* attorney general, and *Richard F. Webb,* assistant attorney general, for the plaintiff.

*Andrew D. Cretella,* for the named defendant et al.

*Davidson & Spirer,* for the defendant Alexander D. Aiello.

SATTER, J. The plaintiff, Stanley J. Pac, commissioner of environmental protection (hereinafter referred to as the state commissioner), brings this action pursuant to the Environmental Protection Act of 1971, §§ 22a-14—22a-20 of the General Statutes, against the named defendant, the Inland Wetlands and Water Courses Commission of the town of Trumbull (hereinafter referred to as the Trumbull commission) and against the defendant Alexander D. Aiello (at times referred to hereinafter as the landowner) for a declaratory judgment, an injunction and other equitable relief. The plaintiff seeks to protect certain described inland wetlands and water courses from destruction.

The facts are as follows: The Trumbull commission adopted inland wetlands and water courses regulations on September 24, 1974, in accordance with General Statutes § 22a-42, and the regulations were approved by the state commissioner as conforming to the purposes of the Inland Wetlands and Water Courses Act, General Statutes §§ 22a-36—22a-45. The Trumbull commission, on June 13, 1977, after a public hearing, granted the application of the defendant Aiello to fill a certain water course for purposes of commercial development. A citizen group appealed the granting of that permit to the Court of Common Pleas, and the state commissioner moved and was allowed to intervene in that case as a party. Subsequently, that appeal was withdrawn. The state commissioner has brought this action against the Trumbull commission and Aiello for equitable relief, essentially to accomplish the same purpose as would have been achieved by the sustaining of the administrative appeal from the Trumbull commission's granting of the permit.

The defendant Aiello now moves for summary judgment. There is no genuine dispute of fact on the central legal issue which is dispositive of this case. That legal issue is whether the state commissioner can maintain an action for declaratory and equitable relief, pursuant to General Statutes § 22a-16, against a municipal inland wetlands commission to protect inland wetlands from unreasonable pollution, impairment, or destruction. The issue, which has not hitherto been presented to the courts for resolution, requires a construction of both the Environmental Protection Act of 1971, General Statutes §§ 22a-14—22a-20 (hereinafter alluded to as the EPA), and the Inland Wetlands and Water Courses Act, General Statutes §§ 22a-36—22a-45 (hereinafter alluded to as the IWWCA).

The EPA provides at § 22a-15 that "there is a public trust in the air, water, and other natural resources of the state of Connecticut . . . . [I]t is in the public interest to provide all persons with an adequate remedy to protect the air, water, and other natural resources from unreasonable pollution, impairment or destruction." Section 22a-16 provides that the attorney general or any instrumentality or agency of the state may maintain an action in the Superior Court for declaratory and equitable relief against any agency of a political subdivision of the state "for the protection of the public trust in air, water and other natural resources of the state from unreasonable pollution, impairment or destruction." The plaintiff state commissioner is an instrumentality of the state, inland wetlands are a natural resource and the defendant Trumbull commission is an agency of a political subdivision of the state.

The IWWCA provides in § 22a-36 that inland wetlands and water courses "are an indispensable and irreplaceable but fragile natural resource . . . ." Section 22a-39 provides that the commissioner of

environmental protection has the duties to exercise general supervision of administration and enforcement of the IWWCA, to develop comprehensive programs in furtherance of the purposes of that act, to promulgate such regulations as are necessary to protect inland wetlands and water courses, and to exercise all incidental powers necessary to enforce rules and regulations to carry out the purposes of the act. Section 22a-42 (a) states that "the public policy of the state [is] to encourage municipal participation by means of regulation of activities affecting the wetlands and water courses within the territorial limits of the various municipalities or districts." Section 22a-42 (c) provides that a municipality may establish a commission "to promulgate such regulations, in conformity with the regulations promulgated by the commissioner pursuant to § 22a-39, as are necessary to protect the wetlands and water courses within its territorial limits." This subsection further provides that "[f]or the purposes of this section, the board or commission authorized by the municipality . . . shall serve as the sole agent for the licensing of regulated activities." Section 22a-42 (f) provides that if a municipality has not exercised its regulatory authority, the state commissioner may take such action, including but not limited to the licensing of regulated activities, as is necessary to protect the wetlands and water courses within the territorial limits of the municipality. Section 22a-43 provides that an aggrieved person can appeal to the Superior Court a municipal commission's regulations, orders or decisions.

From the foregoing description of the pertinent statutes the following pattern is clear: (1) If a municipality does not create a commission to regulate the use of wetlands within its boundaries, the state commissioner can take over the direct responsibility to license regulated activities to protect the

wetlands. (2) Once a municipality does create an inland wetlands commission, that commission becomes the "sole" regulatory authority over the wetlands within its territory. (3) The state commissioner has the power to promulgate regulations to assure necessary protection of wetlands throughout the state, and those state regulations are required to be conformed to by each municipal commission in adopting its own regulations. (4) The state commissioner has the right to appeal decisions of municipal inland wetlands commissions.

The conclusion to be drawn from this statutory pattern is that the state commissioner does not have the right to act directly under § 22a-16 to seek in court declaratory or equitable relief against what he deems to be an unreasonable destruction or impairment of inland wetlands. He is limited under the IWWCA to promulgating regulations as to which municipal commissions must conform and to appealing decisions of the municipal commissions.

The IWWCA supersedes the EPA with respect to the commissioner's power over inland wetlands for two reasons: (1) The IWWCA was passed in 1972, a year after the EPA. While laws are to be construed so as to meld them into a coherent whole, insofar as a conflict does exist, "the latest expression of the legislative will on the subject" is "controlling." *Bisi* v. *American Automobile Ins. Co.,* 137 Conn. 424, 431; see *Moran* v. *Bens,* 144 Conn. 27, 30; *State* v. *Giant's Neck Land & Improvement Co.,* 116 Conn. 119, 126. (2) The general regulation of environmental and natural resources provided for in the EPA must give way to the specific regulation of inland wetlands as a particular natural resource as provided for in the IWWCA. See *Meriden* v. *Board of Tax Review,* 161 Conn. 396; *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103; *Bisi* v. *American Automobile Ins. Co.,* supra;

*Institute of Living* v. *Hartford,* 133 Conn. 258; *Wardell* v. *Killingly,* 97 Conn. 423, 433; 23 Conn. Atty. Gen. Rep. 122.

Moreover, to allow the state commissioner to bring a court action for declaratory and equitable relief without having to appeal a municipal commission's decision would be violative of the elementary principle in administrative law of requiring the exhaustion of available administrative remedies. The Connecticut Supreme Court in *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, specifically condemned such practice with these words: "We have frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." See *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352.

The unsettling consequence of the state commissioner acting in disregard of the provisions of the IWWCA is apparent. A landowner having obtained a permit from the municipal commission would have no assurance after the appeal period had expired that he could arrange his finances and proceed in accordance with the permit if the state, or any other person under § 22a-16, could initiate an action for declaratory or equitable relief to block him. Allowing the state to act under § 22a-16 would subject the local permit to attack months and even years after its issuance. It would further require the landowner to get state as well as municipal approval before he could proceed, and would thus render nugatory the autonomy granted local inland wetlands commissions under § 22a-42 (a).

The state commissioner acted particularly improperly in this case when he participated in the admin-

istrative appeal of the Trumbull commission's decision and then abandoned the appeal and initiated this action.

On the basis of the foregoing, this court concludes that, there being no dispute as to the critical facts, the motion for summary judgment as a matter of law should be granted. Judgment is accordingly rendered in favor of the defendants.