[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE (#110)
The plaintiff brings this action for personal injuries. The plaintiff was crossing a street on foot when she was struck by the defendants' truck on May 31, 1989. The defendants filed an "answer and special defenses" (#109), and the plaintiff now moves to strike paragraph two of the special defenses. The "special defenses," as pleaded by the defendant, are as follows:
1. If the plaintiff, Yvonne Mansell, CT Page 3743 sustained the injuries and losses as alleged in her complaint, then said injuries and losses were due to the negligence and carelessness of the plaintiff, which negligence was much greater than the alleged negligence, if any, of the defendants, which the defendants expressly deny, in that:
 a. The plaintiff was inattentive and failed to keep a proper lookout as to where she was walking;
 b. The plaintiff failed to make adequate use of her own faculties and senses in order to insure her own safety;
 c. The plaintiff failed to cross the roadway at a designated cross-walk in violation of Connecticut General Statutes Sections 14-300, 14-300b and 14-300c;
 d. The plaintiff failed to act in a reasonable manner commensurate with the conditions then and there existing.
 2. Pursuant to Connecticut General Statutes Section 52-572 (h) [sic], the defendants claim all applicable set-offs, credits, allocations and contributions.
The plaintiff moves to strike the "second special defense," that is, paragraph two. She claims that, under General Statutes52-572h, the court and not the fact finder determines all applicable set-offs, credits, allocations and contributions. The motion to strike tests the legal sufficiency of a complaint, counterclaim, cross complaint or answer to state a claim upon which relief may be granted. Conn. Practice Book 152 (Rev'd to 1978, updated to 10/1/1989). In deciding the motion, the court is limited to the grounds specified in the motion; Merideth v. Police Commission, 182 Conn. 138 (1980); unless other grounds are clear on the face of the attacked pleading. John Hancock Mutual Life Insurance Co. v. Allen,16 Conn. Sup. 133, 134 (Super.Ct. 1949). The facts alleged in the attacked pleading must be taken as true; Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719 (1982); and the attacked pleading must be read in the light most favorable to the nonmovant. Amodio v. Cunningham, 182 Conn. 80 (1980).
Paragraph two of the defendants' "special defenses" cannot be read to state a special defense independent of the defense CT Page 3744 set out in paragraph one. Paragraph one sets out in detail a defense of comparative negligence. Paragraph two, by contrast, is a bald assertion of entitlement to "all applicable set-offs, credits, allocations and contributions" due under Section 52-572h. The defendants do not plead any facts that would support a claim for a set-off in its proper legal sense, that is, a debt owed by the plaintiff to the defendant independent of the plaintiff's tort claim, which the defendant asserts to reduce or eliminate his damages. See Conn. Gen. Stat. 52-141. Such a set-off claim, and the facts supporting it, must be specifically pleaded. Peters Production, Inc. v. Dawson, 182 Conn. 526, 528
(1980). See also Practice Book 168 (rev'd to 1978, updated to 10/1/1989). Neither do the defendants allege facts anywhere in the answer and special defenses, other than in paragraph one, that would colorably support a claim for a credit, allocation, or contribution.
It is the court that determines whether the subject pleading sets out one special defense or two. The legal effect of a pleading is determined by its contents, not by the title given it by the litigant. See Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417, 426 (1986). In considering whether the defendants have interposed more than one special defense, therefore, it is of no moment, it is clear, that the defendants' answer refers to the plural "Special Defenses."
It is found that paragraph two of the defendants' special defenses does not state a separate special defense, but claims a reduction in any award to the plaintiff by virtue of the plaintiff's comparative negligence, as described in paragraph one. The defendants' use of the terms "set-off, credit, allocations and contributions," in this view, is no more than confusing boilerplate. Thus, paragraph two may be seen as part of the special defense for comparative negligence. The only question remaining is whether a defense of comparative negligence under 52-572h presents a question for the court or for the jury.
General Statutes 52-572h is the new tort reform statute (Tort II). Subsection (a) defines "recoverable economic damages" as "economic damages reduced by any applicable findings including but not limited to set-offs, credits, comparative negligence, additur and remittitur, and any reduction provided by section52-225a [collateral sources]." Subsection (f) provides that "the jury . . . shall specify: . . . (4) the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred percent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property." It is submitted that, under this section, a defense of comparative negligence presents a question of fact for the CT Page 3745 jury.
The plaintiff's sole ground for attacking the special defense was that it presented a question of law for the court. Because the special defense of contributory negligence presents a question of fact for the jury, the plaintiff's ground for striking the defense fails and the motion to strike is denied.
WILLIAM J. McGRATH, JUDGE