ALBERT COLETTI vs. THE CONNECTICUT COMPANY
ET AL.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Within one year after the termination of an action brought against the wrong defendant, the plaintiff may, under § 6172 of the General Statutes, bring a new action to which the statute of limitations shall be no bar; but if the cause of action is founded on negligence and the defendant in the second suit is a street-railway company, upon which no service of process, or claim for damages, was made in the original action, § 6172 does not excuse the failure of the plaintiff to comply with the requirement of § 6176 that written notice of injury shall be given to such a company within six months after the neglect complained of.

Section 2 of Chapter 314 of the Public Acts of 1921, since repealed, provided that any street-railway company which opened a portion of a highway for the purpose of constructing or repairing its tracks, should use reasonable care to protect the public from harm, should restore the highway to its previously existing condition, and should be liable in damages to any person injured while lawfully traveling thereon. Held that the liability created by this statute rested upon negligence, and was not penal in its nature; and that, therefore, the provisions of § 6176 requiring written notice to street-railway companies of injuries "caused by negligence," were applicable to actions brought thereunder.

Argued April 20th—decided July 30th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Fairfield County where the plaintiff's demurrer to the answer of the defendant The Connecticut Company was overruled (*Jennings, J.*) and judgment rendered (*Nickerson, J.*) for that defendant, from which the plaintiff appealed. *No error.*

*Philip Reich*, with whom was *Samuel Reich*, for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellee (defendant The Connecticut Company).

MALTBIE, J.   The complaint, as amended, alleges that, while the plaintiff was riding his bicycle along a certain street in Bridgeport, he ran into a hole in the street adjacent to the trolley tracks of the defendant Connecticut Company; that he was thrown from the bicycle to the street; and that, while he was lying there, he was struck by an automobile truck operated by an employee of the other defendant corporation. Recovery is sought upon the basis of the claimed misconduct of the two defendants, of the Connecticut Company in leaving the hole in the street open and unguarded, and of the other defendant in the negligent manner in which the truck was operated.   To avoid the statute of limitations, which would otherwise have barred his recovery, the plaintiff also alleges that he began this action within one year after the termination of one previously brought wherein he had sought recovery for the same cause of action from the wrong defendant.   The Connecticut Company answered, specially pleading, among other defenses, that the plaintiff had not given it written notice of the injury in accordance with the provisions of § 6176 of the General Statutes.   To this defense the plaintiff filed a demurrer, which the court overruled, and upon the plaintiff's failure to plead further, judgment was rendered for the Connecticut Company, from which the plaintiff has appealed.

Section 6176 provides that no action to recover for injuries caused by negligence shall be maintained against certain corporations, among them street-railway companies, unless a written notice of the injury shall be given to the defendant within six months after the neglect complained of, unless the

action is itself begun within that time. · The demurrer having admitted that no notice was given in accordance with the statute, the plaintiff seeks to avoid its effect upon two grounds. First, he contends that § 6172 of the General Statutes, the statute which permits him to bring this action after the expiration of the period fixed in the statute of limitations, ought to be construed to obviate the necessity of such a notice in cases where it applies. The statute provides that, where a plaintiff has failed in his action by reason of his not having named the right person as defendant, he may bring a new action within one year thereafter, and "the statute of limitations shall not be a bar thereto." The plaintiff argues that § 6176 is a statute of limitation within the meaning of the quoted clause. Its nature is more accurately described in *Bulkley* v. *Norwich & W. Ry. Co.*, 81 Conn. 284, 287, 70 Atl. 1021, as a law "analogous to the general statute of limitations." But whether or not, if § 6172 made no reference to notices of injury, the plaintiff's claim would be sound, we are not called upon to determine. The statute does in fact conclude with a provision to the effect that, if the process in the original suit had been served upon, and notice of a claim for damages had been given to, an agent of the party made defendant in the later action, such notice would be sufficient. *Expressio unius est exclusio alterius.*

Second, the plaintiff contends that his action does not fall within the purview of § 6176, which in terms refers to actions for injury or death "caused by negligence." Plaintiff's argument is that he is suing under the provisions of Chapter 314 of the Public Acts of 1921, since repealed, and that his cause of action is statutory and penal in its nature, not one for negligence. The first section of this Act obligated street-railway companies to pay the cost of restoring to its

former condition so much of any highway included within a distance of eight inches on each side of each rail "as shall have become in need of repair in consequence of the existence and use of such tracks"; and section two provided that any railway company which should open a portion of a highway to construct or repair its tracks should "exercise reasonable care to protect the traveling public from injury therefrom," should restore the highway, and, until it was restored, should be liable in damages to all persons injured while lawfully using the highway and exercising proper care therein. Previous to the enactment of this Act, there had been in existence for many years statutes which obligated every street-railway company to keep in repair so much of the highway as was included within its tracks, and a space of two feet on the outer side of the outer rails, and which gave to any person injured in person or property by reason of a defect in that part of the highway a cause of action against the railway company and the municipality, with the primary obligation upon the railway company to pay any damages recovered, unless the defect was due in whole or in part to the negligence of the municipality. General Statutes (1918) §§ 3831, 3833. These statutes we held to establish a liability on the part of the railway company, which was penal in its nature. *Lavigne* v. *New Haven,* 75 Conn. 693, 55 Atl. 569. The Act of 1921 expressly repealed them and substituted, in place of a liability for damage to injured persons due to a defect in that portion of the highway which the railway company was bound to keep in repair, one which was restricted to loss suffered from the failure of the railway company to use reasonable care to guard the traveling public from injury due to the condition of a highway which it had itself opened. The effect of this change is to take

from the railway company a liability which resulted from the imposition upon it of a portion of the governmental function of keeping highways reasonably safe, which otherwise would have rested upon the municipality, and to leave upon the company only the duty to use reasonable care in the performance of work which it had undertaken upon its own initiative and for its own benefit. It results that the nature of the railway company's liability under the Act was not penal, but one which lay in negligence. The complaint states a cause of action wholly in negligence and § 6176 of the General Statutes is applicable. The demurrer was properly overruled.

There is no error.

In this opinion the other judges concurred