DENNIS J. KELLY *vs.* CITY OF BRIDGEPORT.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 5th—decided July 9th, 1930.

*Theodore E. Steiber,* for the plaintiff.

*John A. Cornell, Jr.,* for the defendant.

BANKS, J.   Counsel for the city contend that the position of assistant director of public works, created by the ordinance of February 21st, 1927, was a mere employment and not an "office" within the intendment of the charter provision forbidding the abolition by the common council of any existing office, that if it was an office its creation was beyond the power of the common council and that in any event, being an office created by the common council, it was not within the inhibition of the charter provision.

"A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of government, to be exercised by him for the benefit of the public. The individual so invested is a public officer." Mechem on

Public Officers, § 1. As indicated in this generally accepted definition the three essential characteristics which differentiate a public office from a mere employment under contract are (1) an authority conferred by law, (2) a fixed tenure of office, and (3) the power to exercise some portion of the sovereign functions of government. The position occupied by the plaintiff was created by an ordinance of the common council, and, assuming that the council acted within the powers conferred upon it by the city charter, the office was one created by law. It was created for a given period with a fixed tenure of office. In order to meet the third test it must appear that the incumbent of this position was invested with some portion of the sovereign functions of government. The director of public works of Bridgeport is a recognized public officer invested with sovereign authority with reference to the matters intrusted to his care in the city charter. *Burrell* v. *Bridgeport*, 96 Conn. 555, 114 Atl. 679. Section 114 of the charter (15 Special Laws [1907] p. 538) provides that he shall employ such assistants as may be necessary whose compensation shall be fixed by the common council. The defendant's contention is that the plaintiff is merely one of such assistants employed by the director whose compensation has been fixed by the common council, and that his position as an employee does not differ from that held to be occupied by the superintendent of bridges in *Burrell* v. *Bridgeport*, *supra*. In that case the common council passed an ordinance empowering the director of public works to appoint a superintendent of bridges at $85 a month. It did not appear that the duties of the superintendent were in any way regulated or controlled by the ordinance, nor that any term of office was fixed. We held that the common council had not attempted to create an office, but merely to determine the salary

to be paid to the chief helper of the director of public works. *State ex rel. Neal* v. *Brethauer,* 83 Conn. 143, 75 Atl. 705, was another case in which an assistant to the director of public works of New Haven, known as an "examiner of records," was held to be a mere employee as distinguished from a public officer. The position was a clerical one, the duties of which were matters of administrative detail determined upon from time to time by the director, and existed only at the will of the director. Here the position held by the plaintiff was not only created by the common council with a fixed tenure of office, but the ordinance provides that its incumbent "in the absence of the director shall perform all the duties of said director." He is thus invested with all the authority of the director which is a portion of the sovereign authority with reference to matters within his control. A closely analogous case and one which is controlling upon this question is that of *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 74 Atl. 759. The charter of the city of Waterbury provided that the board of aldermen might by ordinance provide for the appointment of a building inspector and prescribe his duties. The board adopted an ordinance creating the office of building inspector and defining his power and duties, and also providing that there should be a deputy building inspector who should act in place of the building inspector and exercise all his powers during the latter's absence or disability. In *quo warranto* proceedings to determine the title to the office of deputy building inspector we said (p. 401): "The position in question is one to which the ordinance creating it attempted to attach important powers and functions of government belonging to the sovereignty, and, therefore, was a public office as distinguished from a mere employment or agency resting on contract, and to which such powers and functions

are not attached." The same can be said as to the position held by the plaintiff. The appointment of the plaintiff had none of the elements of a contract of employment. If it were such a contract it could not be impaired by subsequent legislation. If the ordinance attempting to create this position was a valid exercise of the powers of the common council, the position created was a public office and was an "existing office" within the intendment of the amendment of the charter approved March 1st, 1923, denying to the common council the power to abolish any existing office. *Connelly* v. *Bridgeport,* 104 Conn. 238, 132 Atl. 690.

The defendant city contends that the common council was without authority to create such office. The city was without inherent power to create such office since it "can do no act nor elect any officer unless it is authorized to do so by its charter." *State ex rel. Southey* v. *Lashar,* 71 Conn. 540, 546, 42 Atl. 636; *Connelly* v. *Bridgeport, supra.* Its power to create such an office, if it exists, must be sought in the powers granted to it by the General Assembly. The contention that the creation of this office by the common council was an usurpation of the authority vested in the director of public works to employ assistants is untenable since, as we have seen, the authority vested in the incumbent of this office is something more than that of a mere employee of the director. The fact that his authority is subordinate to that of the director does not prevent him from being an officer as distinguished from an employee. *Attorney-General* v. *Tillinghast,* 203 Mass. 539, 89 N. E. 1058. The authority of the common council to create this office is to be found, if at all, in § 5 of the charter (17 Special Laws [1917] pp. 841, 843, 844) which contains provisions as follows: "The common council shall have power . . . to make ordinances . . . relative to the election of

city surveyors, harbor master, superintendent of wharves and docks, public weighers, sealers of weights and measures, health officers, commission of public parks, inspectors of any kind of produce of the United States brought to the city for sale or exhibition, and such other functionaries as are proper for the administration of the affairs of the city. . . . The common council shall have power and authority to constitute and appoint all necessary and proper committees and officers, under such names and appellations as it may deem appropriate, and may invest them with the authority necessary and proper to carry into effect all the orders and ordinances of the common council." It must be conceded that this constitutes a broad delegation of power to the common council of the city. It is in striking contrast to that contained in the charter of the city of Waterbury which we construed in *State ex rel. Stage* v. *Mackie, supra.* The Waterbury charter conferred upon the board of aldermen the power "to provide for the appointment or election of such employees as are not otherwise provided for and as may be required for the proper transaction of the business of the city, and to prescribe their duties and compensation." This provision, as we said in that case, was limited in its application to employees, its language was chosen to clearly indicate that fact, and we accordingly held that it was inadequate as a conferment of authority to create the public office of deputy building inspector of the city.

Subsequent to the decision in *State ex rel. Stage* v. *Mackie, supra,* the legislature granted to all towns and municipalities in the State broad powers in the enactment of by-laws and ordinances, including the power to create or abolish any appointive office, department or commission. Public Acts of 1913, Chap. 154; General Statutes, Chap. 25. This measure of

home rule granted to towns and municipalities by the Act of 1913 was somewhat curtailed in 1923 by the passage of an Act (Chap. 284) amending Chapter 25 of the General Statutes by striking therefrom the provision authorizing them to create or abolish appointive offices, departments or commissions. This general legislation, first granting and then withdrawing the power of municipalities to create or abolish appointive offices, did not affect specific provisions of the charter of the city of Bridgeport. *Wardell* v. *Killingly*, 97 Conn. 423, 433, 117 Atl. 520.

The provisions of § 5 of the charter contain a delegation of power broad enough, in our opinion, to authorize the common council to create by ordinance the office of assistant director of public works. The amendment of the charter approved March 1st, 1923, quoted in the statement, forbade the common council to abolish any existing office. The ordinance of November 25th, 1929, purporting to abolish this office was therefore ineffective to accomplish that purpose unless—and this is the defendant's final contention—the restraint upon the power of the common council to abolish an office is limited to those offices created by the Act of the General Assembly. The defendant's charter authorizes the common council to make, alter and repeal ordinances not inconsistent therewith. The defendant's argument is that, since the power to amend or repeal an ordinance carries with it the power to change the duties and powers of an office created by such ordinance, the common council has inherent power to abolish offices created by its own acts which is essential to the proper exercise of its general powers—that it is an anomaly to say that it has power to repeal an ordinance creating an office but no power to abolish the office, and that such a construction of the charter amendment would result in the perpetuation of offices

found to be unnecessary, and would inhibit the power of the common council to amend or repeal its own ordinances. If it be conceded that some such result might follow it would be a persuasive argument addressed to the wisdom of the enactment of such legislation. However this may be, it neither shows nor tends to show that the General Assembly intended, in the use of the words "existing offices" in this Act, to include only those offices created by its own Act. There is no suggestion of such limitation either in this Act or in any subsequent Act of the General Assembly, and the construction contended for by the defendant has never had the supporting sanction of municipal usage by this defendant. The opinion in *Connelly* v. *Bridgeport, supra,* is confirmatory of our construction of these words. Neither this argument of the defendant, nor that based upon the presumed intention of the legislature as indicated by the course of legislation relative to this subject, can avail to require a construction of the charter amendment as claimed by the defendant. The language of the Act is broad and explicit, and does not permit of any other meaning than that clearly and unequivocally expressed, to wit: that the common council of Bridgeport shall not abolish "any existing office." None of the exceptions contained in this Act are present in this case.

We answer the questions propounded to us as follows: One, Yes. Two, Yes. Three, No. Four, Yes.

In this opinion the other judges concurred.