Dr. Luis B. de la Vega, Plaintiff and Appellant, *v.* Rafael Sancho Bonet, Treasurer of Puerto Rico, et al., Defendants and Appellees.

No. 7821. Argued November 10, 1939.—Decided May 20, 1940.

*Damián Monserrat Jr.* for appellant. *George A. Malcolm, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellees.

Mr. Justice Wolf delivered the opinion of the court.

Act No. 81 of 1912 (Session Laws, p. 122), reorganizing the sanitation service, created an Insular Board to make rules and regulations, and furthermore section 16 provides:

"That the Insular Board of Health shall appoint a secretary and shall define his duties. Said secretary shall receive a salary of two thousand four hundred dollars per annum and shall serve at the pleasure of the Insular Board of Health."

Acting under the authority of this section, the Insular Health Board named Dr. Luis B. de la Vega secretary of the Board on July 14, 1926, and he took possession of this

position on the 23rd of July of the same year. Subsequently he resigned because of the reduction made in his salary and he filed a petition for mandamus against the Treasurer and Auditor to compel the payment of his salary as fixed at the time of his appointment.

The petition for mandamus alleged furthermore that from the time of his nomination until the end of the fiscal year 1931 he was receiving compensation in the sum of $2,400 annually; that the Legislature of Puerto Rico in May 1931, in the budget for 1931–32, reduced his salary to $1,500; that on May 13, 1932, fixing the budget for the year 1932–33, the Legislature reduced his salary to $1,200. This reduction was maintained apparently for the next year, and by Act of May 15, 1934, reduced his salary to $1,140, and that finally on July 20, 1935, the legislature reduced his salary to $600. The petitioner alleged that these reductions amounted to $5,943.88 and that they were in violation of the special Act No. 81 aforesaid and in open violation of the Organic Act for Puerto Rico. The petitioner prayed that the Treasurer and Auditor be ordered to pay the said amount of $5,943.88.

The paragraph of section 34 of the Organic Act on which petitioner relies reads as follows:

"Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment, nor permit any of-ficer or employee to draw compensation for more than one office or position."

We have touched upon similar questions in the following cases: *Arjona* v. *Winship, Governor,* 49 P.R.R. 50; *Durand* v. *Sancho Bonet, Treasurer,* 50 P.R.R. 897; *Ponsa Parés* v. *Winship, Governor,* 51 P.R.R. 156, and *Samalea* v. *Winship, Governor,* 51 P.R.R. 234.

The court below held that paragraph 13 of section 34, *supra,* was applicable alone to public officers named for a term and with a fixed salary.

724

The appellant assigns three errors, as follows:

"1. The lower court committed error in holding that the limitation contained in the fifteenth paragraph of Section 34 of the Organic Act is applicable only to public officers appointed for a fixed term and salary.

"2. The lower court committed error in holding that petitioner was not a public officer.

"3. The lower court committed error in not deciding that in accordance with what is provided by our Organic Act, a special statute can not be modified by a general one."

From the petition it does not appear that Dr. De la Vega was named for a fixed term. He was merely made secretary of the Insular Board of Health. A secretary of a public board named as petitioner was, is not a public officer within the meaning of section 34, *supra*. The Attorney General cites a number of cases to show this. *Helvering* v. *Powers*, 55 S. Ct. 171, 293 U. S. 214; *Wetzel* v. *McNutt*, 4 F. Supp. 233; *Winsor* v. *Hunt*, 243 P. 407, 29 Ariz. 504; *Leymel* v. *Johnson*, 288 P. 858, 105 Cal. App. 694; *Kelly* v. *City of Bridgeport*, 151 A. 268, 111 Conn. 667; *Dade County* v. *State*, 116 So. 72, 95 Fla. 465; and *McSween* v. *State Live Stock Sanitary Board of Florida*, 122 So. 239, 97 Fla. 749, 750, 65 A.L.R. 508.

From these citations we are convinced that a public officer is one on whom some part of the sovereign powers is vested and not an individual whose duties are merely ministerial or secretarial as was the secretary of the Insular Board of Health.

Looking at that section of the Organic Act again, one can see that therein public officers are distinguished from employees, as the last part of the said paragraph prohibits "any officer or employee to draw compensation for more than one office or position." We likewise think, that the fact *supra* that no term was fixed is some indication that the Legislature could increase or diminish the salary of such employee at will.

■ The third assignment of error we think needs no lengthy discussion. A special law may be modified by a general law and we find nothing in the Organic Act to prevent such modification.

The judgment should be affirmed.