STATE EX REL. MARGARET D. McNAMARA *v.* THE CIVIL SERVICE COMMISSION OF THE CITY OF BRIDGEPORT.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 9—decided February 17, 1942.

*Harry Schwartz* and *Walter Werner,* with whom, on the brief, was *John V. Donnelly,* for the appellant (defendant).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

JENNINGS, J. The sole question in this case is whether the position of assistant tax collector held by Margaret D. McNamara, hereinafter called the plaintiff, is excluded from the classified service in Bridgeport by virtue of 22 Special Laws 262, § 3, § 205 (b) of the 1939 revision of the Bridgeport charter, which places in the unclassified service "all executive offices or positions specifically created by charter and the method of filling which is now governed by specific and express provisions of the charter." Since the position fulfills the two conditions stated, it is only necessary to determine whether the plaintiff held an executive office or position.

The following facts appear in the finding and are not disputed in any respect material to this appeal: A civil service commission for Bridgeport was established by 22 Special Laws 261, No. 407, Charter Revision, 1939, Chap. 16. Under 15 Special Laws 534, § 102, Charter Revision, 1939, § 109, "The collector shall have power to appoint an assistant collector to assist him in the performance of his duties, whose term of office shall be at the pleasure of the collector and for the faithful performance of whose duties the

collector shall be answerable and responsible to the city. . . ." The plaintiff was appointed assistant tax collector by Howard S. Challenger, tax collector, in 1926 and continued to hold this position until the receipt of the notice of discharge hereinafter quoted.

On March 22, 1937, the plaintiff received from the civil service commission of the city of Bridgeport a communication which read, in part, as follows:

"You are hereby notified that the position you are holding has been allocated to the class of Assistant Tax Collector.

"The official meaning of your title is indicated in the class specification of that title in 'The Specifications for the Classified Service.' See the back of this notice for excerpts of the civil service rules governing the allocation of positions."

The duties of the assistant tax collector under the supervision and control of the tax collector are numerous and varied. She has general charge of the office and its personnel (a minimum of twelve), directs the employees in their work, arranges vacations, receives their reports, consults with taxpayers in arrears and makes decisions as to installment payments, assists in the fixing of general policies, prepares all alias tax warrants, distributes them to the tax marshals and handles the accounts of the latter, and has been given authority by the tax collector to perform all duties required by law of the tax collector except the making of policies for the conduct of the office, the signing of tax liens and releases thereof, and the signing of alias tax warrants. She also writes or dictates much of the office correspondence and acts as chief clerk and office manager. As such she is required to use her judgment and discretion but in all things does so subject to the control and direction of the tax collector.

The plaintiff continued as assistant tax collector

until on February 8, 1941, she received the following notice from the tax collector:

"I beg to advise you that your services as Assistant Tax Collector are hereby terminated as of the close of business on Saturday, February 8, 1941.

"Please govern yourself accordingly."

On February 11, 1941, the plaintiff appealed from this decision to the civil service commission but the latter refused to hear the appeal on the ground that the plaintiff held no position in the classified service and that it was therefore without jurisdiction.

On these facts the trial court concluded in substance that the position of assistant tax collector was not an executive position in the sense in which those words are used in the section quoted but that she was, on the contrary, in the classified service. Judgment was therefore rendered commanding the defendant to set a date for hearing the plaintiff's appeal.

The question involves statutory construction in the light of applicable facts. This process consists of the ascertainment of the intent of the legislature (*Bridgeman* v. *Derby*, 104 Conn. 1, 8, 132 Atl. 25), and the object of the legislation is to be considered in solving the problem. *Donnelly* v. *New Haven*, 95 Conn. 647, 667, 111 Atl. 897; *People's Holding Co.* v. *Bray*, 118 Conn. 568, 571, 173 Atl. 233. Soon after the formation of political parties in this country, the maxim "To the victor belong the spoils" became current and its wide application gave birth to the so-called "spoils system." This in turn resulted in political scandals which have rocked the nation to its foundation. In an attempt to remedy this condition, various forms of merit systems have been adopted aimed to obtain qualified appointees and to ensure them a tenure of office free from interference on political or religious grounds. 7 Encyclopedia Americana 3 et seq. The

civil service amendment to the Bridgeport city charter represents that municipality's effort along this line. The precise question for decision is whether the position of assistant tax collector in Bridgeport is an executive office or position within the meaning of that amendment, especially in view of the purpose sought to be accomplished. If it is, the position is unclassified, the civil service commission was without jurisdiction and the appeal should be sustained. If it is not, the plaintiff is entitled to a hearing and the decision of the trial court was correct. It is unnecessary to add that a hearing does not mean reinstatement. In the case of a position of this character, especially one held by a person for whose acts the head of the department is made responsible by statute, any good reason for discharge, advanced by him, should have the serious consideration of the commission.

The word "executive" in its numerous connotations has various meanings as is well illustrated by the large collection of definitions in Words and Phrases. Its meaning in the civil service statute is the only one relevant here. The most general line of cleavage lies between executive as distinguished from legislative and judicial, and executive as indicating the power to direct general policy and make decisions, distinguished in this sense from subordinate. The word here is clearly used in the latter sense. The fact that judicial officers appear in the list of positions specifically excluded, referred to below, is sufficient indication that there was no intention to regard executive as meaning one department in the division of powers in the government into executive, legislative and judicial.

Taking the word in the sense indicated, a good argument can be and has been made that the plaintiff had an executive position. Her duties were varied, important and involved the exercise of some discretion.

She was the personal appointee of the tax collector and he was responsible for her acts. These reasons cannot, however, prevail as against those advanced by the plaintiff and relied on by the trial court. *Kelly* v. *Bridgeport,* 111 Conn. 667, 151 Atl. 268, is concerned with the definition of "office" rather than "executive office" but the general discussion and review of the Connecticut cases in the first part of the opinion fully support this conclusion. The distinguishing feature in the *Kelly* case (p. 672), that the ordinance provided that "in the absence of the director [the assistant] shall perform all the duties of said director," does not exist in the case at bar.

Reading the act as a whole, the intention to include all city employees who fit into the plan and spirit of the merit system is plain. The exclusions are defined with care and in considerable detail. Thus the assistant superintendent of schools, deputy director of public works, assistant city treasurer, assistant town clerk, assistant city attorney and assistant city engineer are all specifically excluded from the classified service. No reason has been advanced or discovered why the somewhat similar position held by the plaintiff should not have been mentioned in the list if there had been an intention to exclude it. Expressio unius est exclusio alterius. *Geer* v. *Rockwell,* 65 Conn. 316, 323, 32 Atl. 924; *Simmons* v. *Holcomb,* 98 Conn. 770, 776, 120 Atl. 510; *Coletti* v. *Connecticut Co.,* 105 Conn. 94, 96, 134 Atl. 248; *Hoard* v. *Sears Roebuck & Co., Inc.,* 122 Conn. 185, 193, 188 Atl. 269. Immediately following these exclusions is the sentence: "The classified service shall include all other offices or positions existing at the time of the passage of this act or thereafter created. . . ." The letter from the commission to the plaintiff placing her in the classified service is a practical construction placed on the act by the body en-

trusted with its administration and is entitled to consideration. *Logan* v. *Davis,* 233 U. S. 613, 627, 34 Sup. Ct. 685; *Kern River Co.* v. *United States,* 257 U. S. 147, 154, 42 Sup. Ct. 60.

As stated above, the duties of the plaintiff are numerous and varied but whether regarded singly or together they do not describe anything more than those of any chief clerk or office manager. Due to her fifteen years' experience she was doubtless more efficient and was given more responsibility than would be extended to a new appointee, but all final decisions, whether of general policy or in specific cases outside of ordinary office routine, were made by the collector. The mere fact that the plaintiff acted for him when he was absent does not change her status. The same might be said of any experienced secretary.

The conclusion of the trial court that the position of assistant tax collector is not an executive office or position and is in the classified service was correct.

There is no error.

In this opinion the other judges concurred.