STATE OF CONNECTICUT *v.* ROSS P. UPTON
(4033)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued January 13—decision released February 3, 1987

*Ross P. Upton,* pro se, the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom, on the brief, were *Thomas Gomberg,* assistant state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of speeding in violation of General Statutes § 14-218a. On appeal, he claims that the trial court lacked jurisdiction because the presence of attorneys in the General Assembly violates the dual office ban of the constitution of Connecticut, article third, § 11,[1] thereby rendering null and void all statutes enacted since 1958, including that under which he was charged and those statutes reorganizing the court system.[2] The defendant argues that, because of their status as commis-

---

[1] Article third, § 11 of the Connecticut Constitution provides: "No member of the general assembly shall, during the term for which he is elected, hold or accept any appointive position or office in the judicial or executive department of the state government, or in the courts of the political subdivisions of the state, or in the government of any county. No member of congress, no person holding any office under the authority of the United States and no person holding any office in the judicial or executive department of the state government or in the government of any county shall be a member of the general assembly during his continuance in such office."

[2] See Public Acts 1976, No. 76-436, Public Acts 1977, Nos. 77-436, 77-452, and 77-576.

sioners of the Superior Court,[3] attorneys are precluded by law from serving in the General Assembly and therefore any General Assembly whose membership includes attorneys can pass no valid law. We disagree.

An attorney's designation as a commissioner of the Superior Court in and of itself does not constitute an "office" or "appointive position" as those terms have been defined by our Supreme Court, so as to disqualify him or her from serving in the legislature. See *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 198, 491 A.2d 1058 (1985); *Stolberg* v. *Caldwell,* 175 Conn. 586, 594, 402 A.2d 763 (1978), appeal dismissed sub nom. *Stolberg* v. *Davidson,* 454 U.S. 958, 102 S. Ct. 496, 70 L. Ed. 2d 374 (1981); *Housing Authority* v. *Dorsey,* 164 Conn. 247, 251, 320 A.2d 820, cert. denied, 414 U.S. 1043, 94 S. Ct. 548, 38 L. Ed. 2d 335 (1973); *Bredice* v. *Norwalk,* 152 Conn. 287, 293, 206 A.2d 433 (1964); *Kelly* v. *Bridgeport,* 111 Conn. 667, 671, 151 A. 268 (1930); see also General Statutes § 51-80 (attorneys "admitted" rather than "appointed" to practice in Superior Court). On the basis of the foregoing authority, the court did not err in refusing the defendant's request to dismiss the case.

There is no error.

---

[3] General Statutes § 51-85 provides: "Each attorney-at-law admitted to practice within the state, while in good standing, shall be a commissioner of the superior court and, in such capacity, may, within the state, sign writs and subpoenas, take recognizances, administer oaths and take depositions and acknowledgments of deeds. Each such attorney may also issue subpoenas to compel the attendance of witnesses and subpoenas duces tecum in administrative proceedings. If, in any administrative proceeding, any person disobeys such subpoena or, having appeared in obedience thereto, refuses to answer any proper and pertinent question or refuses to produce any books, papers or documents pursuant thereto, application may be made to the superior court or any judge thereof for an order compelling obedience."