FENN MANUFACTURING COMPANY *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(15057)

CALLAHAN, KATZ, PALMER, F. FREEDMAN and M. HENNESSEY, Js.

Argued December 1, 1994—decision released January 31, 1995

*Philip A. Murphy, Jr.*, commission counsel, with whom was *Charles Krich*, staff attorney, for the appellant (named defendant).

*Susan K. Krell*, for the appellee (plaintiff).

*Barbara E. Gardner* filed a brief for the Connecticut Employment Lawyers Association as amicus curiae.

*Susan S. Chambers, D. Charles Stohler* and *Giovanna M. Tiberii* filed a brief for the Connecticut Business and Industry Association as amicus curiae.

KATZ, J. The issue before the court is whether the named defendant, the commission on human rights and opportunities (CHRO), is authorized pursuant to General Statutes § 46a-86 (a)[1] to award damages for emotional distress based upon a violation of General

---

[1] General Statutes § 46a-86 provides in relevant part: "COMPLAINT: DETERMINATION; ORDERS; DISMISSAL. (a) If, upon all the evidence presented at the hearing conducted pursuant to section 46a-84, the presiding officer finds that a respondent has engaged in any discriminatory practice, the presiding officer shall state his findings of fact and shall issue and file with the commission and cause to be served on the respondent an order requiring the respondent to cease and desist from the discriminatory practice and further requiring the respondent to take such affirmative action as in the judgment of the presiding officer will effectuate the purpose of this chapter."

Statutes § 46a-60 (a) (7).[2] We hold that CHRO is not so authorized.

The following facts are undisputed. The claimant, Janeen Rose, filed a discrimination complaint with CHRO against her employer, the plaintiff, Fenn Manufacturing Company, alleging that the plaintiff had discriminated against her because of her pregnancy in violation of § 46a-60 (a) (7). Pursuant to General Statutes § 46a-83,[3] CHRO made a finding of reasonable

[2] General Statutes § 46a-60 (formerly § 31-126) provides in relevant part: "DISCRIMINATORY EMPLOYMENT PRACTICES PROHIBITED. (a) It shall be a discriminatory practice in violation of this section . . . .

"(7) For an employer, by himself or his agent: (A) To terminate a woman's employment because of her pregnancy; (B) to refuse to grant to that employee a reasonable leave of absence for disability resulting from her pregnancy; (C) to deny to that employee, who is disabled as a result of pregnancy, any compensation to which she is entitled as a result of the accumulation of disability or leave benefits accrued pursuant to plans maintained by the employer; (D) to fail or refuse to reinstate the employee to her original job or to an equivalent position with equivalent pay and accumulated seniority, retirement, fringe benefits and other service credits upon her signifying her intent to return unless, in the case of a private employer, the employer's circumstances have so changed as to make it impossible or unreasonable to do so; (E) to fail or refuse to make a reasonable effort to transfer a pregnant employee to any suitable temporary position which may be available in any case in which an employee gives written notice of her pregnancy to her employer and the employer or pregnant employee reasonably believes that continued employment in the position held by the pregnant employee may cause injury to the employee or fetus; (F) to fail or refuse to inform the pregnant employee that a transfer pursuant to subparagraph (E) of this subdivision may be appealed under the provisions of this chapter; or (G) to fail or refuse to inform his employees, by any reasonable means, that they must give written notice of their pregnancy in order to be eligible for transfer to a temporary position . . . ."

[3] General Statutes § 46a-83 provides in relevant part: "COMPLAINT: INVESTIGATION; CONCILIATION; DISCLOSURE; SUBPOENA; DEFAULT ORDER. (a) Within ten days after the filing of any discriminatory practice complaint, or an amendment adding an additional respondent, the commission shall cause the complaint to be served upon the respondent together with a notice (1) identifying the alleged discriminatory practice, and (2) advising of the procedural rights and obligations of a respondent under this chapter. The respondent shall file a written answer to the complaint under oath with the commission within thirty days of receipt of the complaint, provided the

cause to believe that the plaintiff had discriminated against Rose. After a subsequent failure of conciliation, the complaint was certified for a public hearing before hearing officer Herbert Scott, who ordered the plain-

answer to any complaint alleging a violation of section 46a-64c or 46a-81e shall be filed within ten days of receipt. The executive director of the commission shall refer the same to an investigator to investigate and determine if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint. The commission may conduct fact-finding conferences during the investigatory process for the purpose of finding facts and promoting the voluntary resolution of complaints. As used in this section and section 46a-84, reasonable cause means a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint.

"(b) Before issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral comments on all evidence in the commission's file, except as otherwise provided by federal law or any other provision of the general statutes. The investigator shall consider such comments in making his determination. The investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based not later than nine months from the date of filing of the complaint, except that for good cause shown, the executive director or his designee may grant a single extension of the investigation of three months. If the investigator makes a determination that there is reasonable cause to believe that a violation of section 46a-64c has occurred, the complainant and the respondent shall have twenty days from receipt of notice of the reasonable cause finding to elect a civil action in lieu of an administrative hearing pursuant to section 46a-84. If either the complainant or the respondent requests a civil action, the commission, through the attorney general or the commission counsel, shall commence an action pursuant to subsection (b) of section 46a-89 within forty-five days of receipt of the complainant's or the respondent's notice of election of a civil action.

"(c) If the investigator issues a finding of no reasonable cause, the complainant may request reconsideration of such finding with the commission not later than fifteen days from the issuance of such finding. The commission shall reconsider or reject within ninety days of the issuance of such finding.

"(d) Upon a determination that there is reasonable cause to believe that a discriminatory practice has been or is being committed as alleged in the complaint, an investigator shall attempt to eliminate the practice complained of by conference, conciliation and persuasion within sixty days of a finding of reasonable cause. The refusal to accept a settlement shall not be grounds for dismissal of any complaint."

tiff to pay Rose $6555.78 for wages lost after she walked off the job prior to the birth of her child, $739.76 for wages lost while attending the hearing, $50 in attorney's fees, and $5000 for emotional distress. Legal interest at the rate of 10 percent from the date of judgment was also assessed.

The plaintiff appealed this decision to the Superior Court.[4] It raised the following issues: (1) whether the hearing officer employed incorrect legal standards and made erroneous findings of fact in deciding that Rose had a reasonable belief that continued employment in her existing position might cause injury to herself and to her fetus; (2) whether the hearing officer employed incorrect legal standards and made erroneous findings of fact in deciding that the plaintiff had failed to "make a reasonable effort to transfer Rose to any suitable temporary position which may then have been available to her"; and (3) whether the hearing officer exceeded his statutory authority when he awarded "back pay" and damages for emotional distress to Rose as a result of the acts of which she had complained. The trial court, in a thorough and comprehensive opinion, dismissed the appeal as to the hearing officer's finding that a dis-

---

[4] The plaintiff's appeal of CHRO's decision is authorized by General Statutes § 46a-94a, which provides: "APPEAL TO SUPERIOR COURT FROM ORDER OF PRESIDING OFFICER. (a) The commission on human rights and opportunities, any respondent or any complainant aggrieved by a final order of a presiding officer or any complainant aggrieved by the dismissal of his complaint by the commission may appeal therefrom in accordance with section 4-183, except venue for such appeal shall be in the judicial district in which the discriminatory practice is alleged to have occurred or in the judicial district in which such person resides or transacts business. The court on appeal shall also have jurisdiction to grant to the commission, respondent or complainant such temporary relief or restraining order as it deems just and suitable, and in like manner to make and enter a decree enforcing or modifying and enforcing as so modified or setting aside, in whole or in part, the order sought to be reviewed.

"(b) Notwithstanding the provisions of subsection (a) of this section, a complainant may not appeal the dismissal of his complaint if he has been granted a release pursuant to section 46a-101."

criminatory practice had transpired in violation of § 46a-60 (a) (7) (E) and his decision that lost wages were appropriate and authorized; however, the trial court sustained the appeal on the issue of damages for emotional distress.

CHRO appealed from the judgment of the trial court to the Appellate Court and we transferred the case to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). CHRO challenges the trial court's determination that § 46a-86 (a) does not authorize CHRO's award of compensatory damages. This claim is controlled by our decision in *Bridgeport Hospital* v. *Commission on Human Rights & Opportunities*, 232 Conn. 91, 653 A.2d 782 (1995). Consistent with our holding in that case, we conclude that CHRO was not authorized to award Rose $5000 for emotional distress.

The judgment of the trial court sustaining, in part, the plaintiff's appeal is affirmed.

In this opinion the other justices concurred.