[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case is an appeal from the decision of the Connecticut Commission on Human Rights and Opportunities awarding damages to a complainant who filed a complaint of sexual harassment in the course of her employment. The appellant is not the complainant, Dina Cipollaro, as the case caption would suggest, but the respondents to her complaint, S.O.C. Corporation and William J. DeGruchy (collectively, "employer.")
The appellant-employer appeals on the basis of claims of error as to the findings of the hearing officer, the remedies awarded, and the procedures at the hearing.
Aggrievement
Aggrievement was not contested. Having been ordered to pay compensatory damages and attorney's fees to the complainant, the appellants are found to have established that they are aggrieved by the ruling of the CHRO.
History of the Proceedings
On June 14, 1991, Dina Cipollaro filed a complaint with the CHRO alleging that she had been sexually harassed and constructively discharged by her employer in violation of General Statutes §§ 46a-60 (a)(1) and (8) and 46a-58. She amended her complaint on October 2, 1991 and November 9, 1992. The CHRO proceeded to a hearing before a hearing officer. After a hearing conference conducted on March 26, 1993, the hearing proceeded on April 23, April 27, May 5 and May 25, 1993. After hearing all evidence presented, the hearing officer issued findings of fact and conclusions of law. The hearing officer found that the employer had subjected the complainant to a hostile work CT Page 2060 environment through incidents that included unwanted touchings of her leg and breast, cornering her in an elevator, and allowing pin-ups, sexual toys, and visits by strippers at the work place. The hearing officer further found that the complainant had established that she had been subjected to "quid pro quo" sexual harassment in that the evidence, including documentary evidence, supported her claim that she had been promised advancement if she would engage in sexual relations with appellant DeGruchy, whom the hearing officer found to be sole owner of S.O.C. Corporation. The hearing officer found that sexual harassment had led to a constructive discharge in that a reasonable person would have felt compelled to resign to avoid such a working environment and that the complaints advanced by the employer concerning Ms. Cipollaro's performance were in retaliation for the complainant's refusal to comply with the employer's sexual demands.
The hearing officer awarded back pay from the date of the constructive discharge to the date of ruling, finding that the complainant had not been proven to have failed to mitigate her damages when she left a new job that the hearing officer found was not substantially equivalent to her job at S.O.C. Corporation. The award included $9,082 in front pay, calculated at $39,082 per year minus an expected mitigation of $30,000. The award also included costs in the amount of $1,400 and attorney's fees in the amount of $47,700, calculated on the basis of $215.00 per hour for senior counsel and $130.00 for an assisting attorney, after deductions for some tasks found to be duplicative.
While the appellant-employer listed eight grounds for reversal in the appeal, only the following issues have been briefed and argued, and other claims are deemed abandoned;Cannata v. Department of Environmental Protection, 215 Conn. 616,620 n. 6 (1990); Rodriguez v. Mallory Battery Co., 188 Conn. 145,149 (1982); Burke v. Avitable, 32 Conn. App. 765, 772 (1993):
 1. The hearing officer erred in failing to find that any sexual conduct was consented to by the complainant.
 2. The CHRO is not authorized to award damages for emotional distress.
3. The CHRO is not authorized to award attorney's fees.
 4. The facts did not warrant an award of front pay and a finding that the complainant had not failed to mitigate- her damages. CT Page 2061
 5. The facts did not support an award of damages for medical insurance.
 6. The hearing officer erred in ruling on the admissibility of evidence.
 7. The decision of the hearing officer is not supported by the weight of credible evidence.
Standard of Review
Judicial review of an agency's decision in an adjudicatory hearing is limited. Connecticut Light and Power Co. V. Dept. ofPublic Utility Control, 219 Conn. 51, 57-58 (1991). With regard to factual determinations, if the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his or her finding, the decision must be upheld. Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580,601 (1991); Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989).
Where the issue is one of law, "it is for the courts, and not for the administrative agencies, to expound and apply governing principles of law" Bridgeport Hospital v. Commission on HumanRights and Opportunities, 232 Conn. 91, 109 (1995), citing N.L.R.B. v. Brown, 380 U.S. 278, 291 (1965).
The Connecticut Supreme Court has ruled that no special deference is to be given an administrative agency's construction of a statute on an issue that has not previously been subjected to judicial scrutiny. Bridgeport Hospital, 232 Conn. 111-113.
Challenges to factual determinations
Of the seven grounds for appeal listed above, items 1, 4, 5 and 7, represent challenges to conclusions based on the factual determinations made by the hearing officer. In its brief, the employer has offered its own distillation of the evidence and has urged this court to find that the hearing officer erred in reaching contrary conclusions as to whether the conduct at issue constituted sexual harassment in employment and whether the complainant mitigated her damages. After reviewing the transcript of the hearing and recognizing that deference must be given to the hearing officer's determinations on issues of credibility; CT Page 2062Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580,593 (1991), this court finds that the determinations challenged by the employer on items 1, 4, 5 and 7 are all supported by substantial evidence.
Ruling on admissibility of evidence
The sixth ground of the appeal, as listed above, is that the hearing officer erred in admitting evidence of the sexually-charged working conditions at the employer's place of business in 1989. The employer objected that these incidents were irrelevant because they occurred "beyond the limitations period" (Brief of Appellant-Employer, p. 16). The appellant-employer has not identified what it construes to be the "limitations period," and its briefing of this issue consists of a two-sentence statement to the effect that exhibits concerning certain events should have been ruled inadmissible. Within a month of the last day of her employment, the complainant filed her administrative complaint. The date of filing was June 14, 1991. The complainant alleged that she had been constructively discharged in that she had been forced to leave because of a continuing course of sexual harassment. Evidence concerning the 1989 events at the workplace were relevant to the claim that a sexually charged environment existed. The 180-day time limitation set forth in § 46a-82
(e) limits the period for which a remedy is available; State v.CHRO, 211 Conn. 464, 472-73 (1989); however, that limitation does not control determinations of what evidence is relevant to a claim of a cumulative kind of discrimination, such as maintenance of a sexually charged working environment. This court finds that the hearing officer did not err in admitting evidence as to events in 1989 that could reasonably have been believed to have contributed to setting the tone and atmosphere of the workplace that was the basis of the claim of constructive discharge.
Award of Counsel Fees and Compensation for Emotional Distress
a) Applicability of § 46a-58 and § 46a-86 (c)
The employer objects that the CHRO acted beyond its jurisdiction in ordering it to pay the complainant's counsel fees incurred in connection with pursuit of her claim of sexual harassment in employment. In Bridgeport Hospital v. Commission onHuman Rights and Opportunities, 232 Conn. 91 (1995), the Connecticut Supreme Court ruled for the first time that General Statutes § 46a-86 did not authorize the CHRO to award counsel CT Page 2063 fees and damages for emotional distress as a remedy in adjudicating complaints of employment discrimination where the employer was alleged to have violated General Statutes § 46-60 (a)(1). Finding that the CHRO had awarded counsel fees to a complainant who complained of discrimination in employment and that it lacked statutory authority to do so, the Supreme Court remanded the case with instructions to the trial court to sustain the employer's appeal.
In Fenn Mfg. Co. v. Commission on Human Rights andOpportunities, 232 Conn. 117 (1995) the Supreme Court again found that § 46a-86 (c) does not authorize awards of damages for emotional distresses for violation of § 46a-60. Section46a-60 is not among the statutes listed in § 46a-86 for which a violation makes a complainant eligible for compensatory damages and counsel fees. Section 46a-86 (c) provides as follows:
 (c) In addition to any other action taken hereunder, upon a finding of a discriminatory practice prohibited by section 46a-58, 46a-59, 46a-64, 46a-64c, 46a-81b, 46a-81d or 46a-81e, the presiding officer shall determine the damages suffered by the complainant, which damages shall include but not be limited to, the expense incurred by the complainant for obtaining alternate housing or space, storage of goods and effects, moving costs and other costs actually incurred by him as a result of such discriminatory practice and shall allow reasonable attorney's fees and costs.
The Supreme Court declined to consider in Bridgeport Hospital
whether discrimination in employment, a violation of §46a-60, is also a violation of § 46a-58, a statute that makes it unlawful to subject any person "to the deprivation of any rights, privileges or immunities, secured or protected by the . . . laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physical disability:"
 Thus, we leave for another day the question of whether a violation of employment laws is also a violation of § 46a-58, thereby creating liability for compensatory damages, other than back pay as expressly authorized by § 46a-86 (b), and attorney's fees by virtue of its inclusion within § 46a-86 (c), or CT Page 2064 whether the omission of § 46a-60 from § 46a-86 (c) reflects the legislature's intent that § 46a-58 not pertain to employment claims.
Bridgeport Hospital v. CHRO, 232 Conn. 116.
The complainant urges that this case presents the occasion to which the issue not reached in Bridgeport Hospital was deferred. This court is less certain that that day has in fact arrived. While the complainant notes that she complained of violation of § 46a-60 (a)(1) and (8) and § 46a-58, the hearing officer stated that the issue presented and decided was as follows:
 Whether the Complainant was sexually harassed by Respondent deGruchy in violation of C.G.S. sections 46a-60 (a)(1) and (8) and whether such harassment resulted in her constructive discharge?
The hearing officer found at page 7 of her ruling that the complainant "has established her prima facie case by a preponderance of the evidence" and that "[r]espondent has not been able to credibly articulate a legitimate, nondiscriminatory reason for its behavior." id. The hearing officer further found that the complainant had established that she was constructively discharged. In stating the remedies awarded, the hearing officer did not refer to § 46a-58. The hearing officer stated that § 46a-86 (c) "specifically requires a hearing officer to award fees and costs when a finding of discrimination is made." (Ruling, p. 10). Having identified the issue for the hearing only as the adjudication of claims of violation of § 46a-60 (a)(1) and (8), the hearing officer did not mention § 46a-58 as a basis for her finding of a violation or as a basis for the relief awarded, but apparently assumed that § 46a-86 (c) applied to violations of § 46a-60. On the face of the text of the administrative ruling, therefore, it does not appear that this court is presented with the situation of an administrative decision in which awards of compensatory damages and attorney's fees are based on the finding of a violation of § 46a-58. Instead, it appears that the hearing officer decided only the claims of violation of § 46a-60 and did not even consider the claim of violation of § 46a-58. This court is bound by the holdings of the Supreme Court in Bridgeport Hospital and FennMfg. Co. v. Commission on Human Rights and Opportunities,232 Conn. 117 (1995) that § 46a-86 (c) does not apply to findings CT Page 2065 of discrimination in violation of § 46a-60 and that a hearing officer who awards such damages as to a violation of § 46a-60
has acted in excess of statutory authority.
While this court has jurisdiction to review the legal determinations of administrative hearing officers, it cannot "review" an issue that has not been decided by the hearing officer. In this case, there is no administrative ruling that the conduct found constituted a violation of § 46a-58. That statute is neither mentioned nor relied upon by the hearing officer, and this court cannot find that the remedies awarded were awarded because of a finding of a violation of that statute, since the administrative ruling is bereft of any such finding. Notably, the Supreme Court did not undertake in BridgeportHospital a review of the claimed applicability of § 46a-58
where the administrative agency had not done so.
The Supreme Court has ruled that the Superior Court may not assume a nonexistent finding and "review" it. United ParcelService Inc. v. Administrator, 209 Conn. 381, 389 (1988).
Contrary to the urging of the complainant, this court may not decide de novo the issue of the claimed violation of §46a-58. Pet v. Department of Health Services, 228 Conn. 651, 660
(1994); Griffin Hospital v. Commission on Hospitals HealthCare, 200 Conn. 487, 496, appeal dismissed, 479 U.S. 1023 (1986). Rather, it is for the administrative agency to make the initial determinations of fact and of law, and for this court to review only those issues decided by the administrative agency in rendering its administrative ruling.
b. Claim of "retroactive application."
The complainant urges that this court should allow the award of compensatory damages and counsel fees to stand because it would be unfair to apply the holdings of Bridgeport Hospital andFenn Mfg. Co. to a complaint that was filed before those cases were decided.
The complainant has not cited any case law in which §46a-86 (c) was held to apply to proven violations of §46a-60. Rather, she argues that since the CHRO frequently ordered employers to pay compensatory damages and counsel fees beforeBridgeport Hospital was decided, the availability of those remedies must be recognized for complaints filed before the CT Page 2066Bridgeport Hospital decision was rendered. The situation is not one in which a litigant has relied on the Supreme Court's interpretation of a statute in one case, only to be faced while her complaint is pending with a change of interpretation by that Court in another case. Rather, the Supreme Court had never had occasion to rule on the correctness of the CHRO's practice of awarding compensatory damages and counsel fees to remedy a violation of § 46a-60 until the issue of the validity of such an order was raised in Bridgeport Hospital.
In Neyland v. Board of Education, 195 Conn. 174, 179 (1985), the plaintiff, a nontenured teacher, argued that because she had foregone other remedies in reliance on prior rulings that cases such as hers were reviewable under the Uniform Administrative Procedure Act, the courts should not apply to her a new Supreme Court decision that the termination of nontenured teachers was not subject to the UAPA. Reasoning that a right of appeal is available only if authorized by statute and that the UAPA never
authorized an appeal in case subject to the Teacher Tenure Act, the Supreme Court found that it could not give the plaintiff a remedy not provided for by statute despite its prior faulty belief that such an appeal was authorized.
While the holding in Neyland is arguably limited to the treatment of changes of decisional law affecting jurisdiction, it presents, like the case before this court, the issue of providing a remedy — and, more starkly — making a respondent pay for a remedy which the Supreme Court has found not authorized in the words of the statute relied on by the hearing officer. There is no indication in either Bridgeport Hospital or Fenn Mfg. Co. that the complainants would be allowed to receive the portion of the remedial relief that was held not to have been authorized by statute simply because they and the CHRO assumed that this remedy was available pursuant to § 46a-86 (c). The complainant has not demonstrated that a different result is legally compelled in this case.
The complainant urges this court to apply the standard ofChevron Oil Co. v. Huson, 404 U.S. 97, 106-107 (1971). With regard to court decisions on an issue of first impression, that ruling requires a court to determine if the resolution of the issues was clearly foreshadowed. The trial court, Maloney, J., foreshadowed the unavailability of counsel fees pursuant to §46a-86 (c) for violations of § 46a-60 in the initial review of Bridgeport Hospital when he sustained the employer's appeal CT Page 2067 from that element of compensation. Judge Sheldon foreshadowed the unavailability of damages for emotional distress when he sustained that portion of the initial appeal in Fenn Mfg. Co. InChevron Oil, the effect of retroactive application would have been to deprive the plaintiff of any remedy at all. That situation is not presented here.
The court does not find that the complainant had so settled an expectation that the CHRO's interpretation of the available remedies would prevail that it would be inequitable to remand in light of the Supreme Court's determinations to the contrary. It would not be equitable to require the respondent to pay compensation not authorized by law for violations of §46a-60, the only statute that the hearing officer found was violated.
Conclusion
The appeal is dismissed as to the grounds listed as 1, 4, 5, 6, and 7. The appeal is sustained as to the award of damages for emotional distress and counsel fees as compensation for violations of § 46a-60. The case is remanded to the administrative agency.
Beverly J. Hodgsan Judge of the Superior Court