[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal the single issue is the authority of the Commission of Human Rights and Opportunities thereinafter "CHRO") to award interest on an award of back pay to a victim of unlawful employment discrimination.[1]
The case arises out of a complaint of physical disability discrimination in violation of General Statutes §§ 46a-60a(1),46a-70 (a) and 46a-71 (a). The discrimination complainant, Mr. William Manuel, is a respondent in this action. The other parties to the case are the State of Connecticut Department of Correction (hereinafter "DOC") (along with it Commissioner) and the CHRO.
In June of 1982, Manuel became employed as a correction officer for the DOC. In 1984, he was involved in a motor vehicle accident in which he sustained serious injuries, including a below the knee amputation of his left leg. In April of 1985, upon the expiration of his sick leave pay Manuel attempted to return to work; but was not reemployed by the DOC. He filed a complaint CT Page 4641 with CHRO in October of 1985 alleging physical disability discrimination. A CHRO investigator found reasonable cause, and the matter proceeded to a hearing on eight dates between January 27, 1992, and March 19, 1993. A decision was eventually issued by the hearing officer on August 9, 1995; two months prior to the tenth anniversary of the complaint.
The hearing officer's decision was supplemented on March 11, 1996; and this appeal was filed on April 9, 1996. The record was filed on October 15, 1996, and briefs by the DOC on November 20, 1997, and March 20, 1997; the CHRO on February 7, 1997, and April 15, 1997; and Manuel on January 17, 1997. The parties were heard in oral argument on March 20, 1997.
The DOC essentially argues that since our Supreme Court has struck down awards of compensatory damages and attorney's fees as being not expressly authorized under General Statutes § 46a-86; a similar objection lies to awards of interest under such statute. See Bridgeport Hospital v. CHRO, 232 Conn. 91 (1995); and Fenn. Mfg. Co. v. CHRO, 232 Conn. 117 (1995). The Supreme Court, however, was relying on established principles of employment law (see 232 Conn. at 107 footnote 14); in denying compensatory emotional distress damages. The major federal anti-discrimination employment law, Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., did not allow compensatory damages until specifically authorized by the 1991 Civil Rights Act. In finding no authority for the attorney's fees award, the Court noted the express authorization of attorney's fees in General Statutes § 53-36 as amended in 1967. 232 Conn. at 103.
Interest on back pay is essentially mandated under Title VII employment discrimination cases. In Loeffler v. Frank,486 U.S. 549, 557-58 (1988) the Supreme Court noted "apparently, all the United States Courts of Appeals that have considered the question agree, that Title VII authorizes prejudgment interest as part of the backpay remedy. . . ." Also, see Williamson v. Handy ButtonMach. Co., 817 F.2d 1290, 1297 (7th Cir. 1987), "money today is simply not a full substitute for the same sum that should have been paid some time ago. Prejudgment interest must be an ordinary part of back pay." The National Labor Relations Act (NLRA), in making whole the victims of labor law violations, also allows awards of interest on back pay. NLRB v. American CompressWarehouse, 374 F.2d 573, 575 (5th Cir. 1967). Title VII is modeled after the NLRA. Moody v. Albermarle Roper Co.,422 U.S. 405, 419 (1975). CT Page 4642
Statutory authority for an award of interest may also be found in General Statutes § 37-3a, "interest at the rate of ten percent a year . . . may be recovered and allowed in civil actions or arbitration hearings.
Practice Book § 256 provides:
 For purposes of these rules, administrative appeals are civil actions. . . . (b) an administrative appeal shall not be deemed an action for purposes of General Statutes §§ 52-291, 52-292 or 52-293.
It has been long recognized as a rule of statutory construction that statutory itemization indicates that the legislature intended the list to be exclusive. White OakConstruction Co. v. DOT, 217 Conn. 281, 301 (1991); Buonacarev. Branford, 192 Conn. 399, 403 (1989); and State ex. rel.McNamara v. Civil Service, 128 Conn. 585, 590 (1942).
All three superior court decisions which have considered this issue have concluded that the CHRO is authorized to award such interest. Silhouette Optical Ltd. v. CHRO, No. CV92-0520590, judicial district of Hartford-New Britain at Hartford (January 27, 1994) (Maloney, J.); Seafood Peddler v. CHRO, No. CV93-0306169, judicial district of Fairfield at Bridgeport (November 24, 1995) (Cone, J.); Frank's Supermarket v. CHRO, No. CV95-0549356, judicial district of Hartford-New Britain at Hartford (February 26, 1996) (Silbert, J.). I join my colleagues in such conclusion.
The parties have stipulated to the correct computation of back pay.[2] The DOC must pay interest until such back pay award is satisfied.
The appeal is dismissed.
Robert F. McWeeny, J.