[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The respondent, Teshana B., moves to dismiss a family with service needs complaint brought by the probation department. As a threshold matter, the court notes that the respondent's motion is defective because she moves to dismiss on the grounds that General Statutes § 46b-129, does not permit the court to file a petition on behalf of a child or youth who is neglected or uncared for. The court denies the respondent's motion to dismiss because the present case does not involve neglect or uncared for allegations, and, thus, the respondent's claims under General Statutes § 46b-129 are puzzling and irrelevant.
The court will, however, address the substance of the respondent's motion despite its inadequacies. The court presumes that the respondent meant to make her argument pursuant to General Statutes § 46b-149. Section 46b-149 provides in relevant part: "Any selectman, town manager, police officer or welfare department of any town, city or borough, probation officer, superintendent of schools, the Commissioner of Children and Families, any youth service bureau, a parent or foster parent of a child, or a child or his representative or attorney, who believes that the acts or omissions of a child are such that his family is a family with service needs, may file a written complaint setting forth those facts with the superior court which has venue over that matter." The respondent's motion provides: "Connecticut General Statutes § 46b-129 clearly sets forth those persons and/or entities which may file a Verified Petition stating that a child or youth is neglected, uncared for or dependent within the meaning of § 46b-120 of the Connecticut General Statutes. Nowhere within the broad parameters of the aforementioned statute is a court, on its own volition, permitted to petition itself on behalf of a child or youth. Nonetheless, in the instant matter, the court determined that the respondent and her parents were a family which required services in light of the alleged defiance of a school rule dated March 11, 1999. As no statutory authority exists for the court's action in the instant matter, this petition should be dismissed as the court lacks the requisite subject matter jurisdiction to proceed in the fashion that it did in the instant matter." (Emphasis in original.) (Respondent's Motion to Dismiss dated February 26, 2000, p. 1.) CT Page 8369
At the January 21, 2000 hearing, the court stated: "There are other means and I am instructing our probation department at this time to file a family with service needs petition. There is a law that says minors cannot be defiant of school rules and it is this court's opinion that the behavior that is exemplified here is . . . a defiance of school rules. Therefore, you will be served with a summons for defiance. The case will be treated as a family with service needs petition for which you also have a right for a trial. The standard of proof is lower. It is clear and convincing. Once the state has proven by clear and convincing evidence, which I have no doubt the state can do, prove that you have been defiant of school rules, they will then proceed accordingly. What the court can do, is either commit you to the custody of the department of children and families or put you on supervision for a period of time with the court's probation department."
In its final remarks, the court stated: "I am instructing the probation department to file a petition for family with service needs petition because the behavior that was exhibited on March 24th is cause for defiance of school rules. I do not believe that she should be prosecuted for criminal trespass. I am also ordering the parents to cooperate with the child's education."
The respondent erroneously contends that the court somehow brought a family with service needs complaint in the present case. The court did not do so. The court merely stated that it would instruct the department to file a complaint. The court did not order the department of probation to file such a complaint. The word "instruct" means: "to give special knowledge or information to . . ." Webster's Third New International Dictionary (1961). The word "order" means: "A mandate; precept; command or direction authoritatively given; rule or regulation. . . . Direction of a court or judge made or entered in writing, and not included in a judgment." Black's Law Dictionary (5th Ed. 1979). Here, the department of probation filed the petition. Although the court discussed what would happen when and if such a complaint was brought, the Court did not bring the action. Indeed, § 46b-149 does not list the court as an entity that is empowered to file a family with service needs complaint. See General Statutes § 46b-149 (a) The "rule — `expressio uniue est exclusio alterius' or `the expression of one thing is the exclusion of another'; Black's Law Dictionary (6th Ed. 1990); has been firmly implanted in this state's jurisprudence and employed continuously for more than one hundred years. See Coletti v. Connecticut Co., 105 Conn. 94,96, 134 A.2d 186 (1892). Simply put, a `statute which provides that a thing can be done in a certain way carries with it an implied prohibition against doing that thing in any other way.'" Burke v. Fleet NationalBank, 252 Conn. 1, 32, ___ A.2d ___ (1999). CT Page 8370
Here, the probation department, not the court, brought the complaint for family with service needs. Accordingly, the court concludes that a proper party brought the complaint in. the present case. Further, insofar as the respondent alleges that the court determined that her family was one with service needs, the court finds that contention to be without merit. The court made no findings as to the respondent's family. Indeed, at the time of the January 21, 2000 hearing, a complaint was not before the court. The court merely advised the respondent about the procedure in a family with service needs case. Those words were explanatory, not adjudicatory. Thus, for the foregoing reasons, the court denies the respondent's motion to dismiss the family with service needs complaint.
 ___________________, J. CARMEN L. LOPEZ